**PEACOCK, for the Use of DICKINSON, v. WALKER.**

Circuit Court of the United States. New Castle. June, 1815.

*Clayton's Notebook, 47.*

Defendant offered to prove a parol license from Peacock, the patentee, to do so.

But, PER CURIAM: The Act of Congress is express. Defendant cannot avail himself of a parol license. The authority must be in writing.

DUVAL, J., thought, however, this parol license might be proved to go in mitigation of damages.

FISHER, J., was for rejecting it *in toto*.

A question then arose, the Court being divided, whether the evidence should be admitted or rejected.

*Rodney* contended that the evidence could not be admitted. He said it had been repeatedly decided in the state courts that, where the court was divided on an exception to evidence, it was of course rejected, and *vide Jones v. White,* 1 Str. 60, *Thornby v. Fleetwood,* 1 Str. 383.

*Clayton* maintained that the rule in the state courts was to admit the evidence, *vide State v. Wooddell et al. (ante 6),* a diversity between parol and written evidence; and the authorities there cited.

DUVALL, J. The practice of the state courts must govern. We will give one half hour to search for precedents.